**LYNCH CARPENTER, LLP**
Edwin J. Kilpela (*Pro Hac Vice*)
ekilpela@lcllp.com
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.:   (412) 322-9243
Fax:   (412) 231-0246

*Attorneys for Plaintiffs and the Class*

[additional counsel listed on signature page.]

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY PARTIDA, PATRICIA GARY, and GLENN GRAEVES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRISTAR PRODUCTS, INC.,<br><br>Defendant. | Case No.: 5:20-cv-00436-JGB-KK<br><br>[PROPOSED] **ORDER GRANTING STIPULATION GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION** |

The Parties, by and through their respective counsel, have jointly stipulated to the terms of the Stipulation Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

**I.      APPLICABILITY**

1.      This Order shall apply to and govern all deposition transcripts and/or videotapes, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules, as well as testimony adduced at trial or during any hearing (collectively, "Information").

## II.   GOOD CAUSE STATEMENT

2.    This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.   PRODUCTION   OF   DISCOVERY   MATERIALS   CONTAINING POTENTIALLY PRIVILEGED INFORMATION

3.    The parties agree that the production in this matter of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of privilege, may be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof.

2

4.      In order to avoid waiving or impairing a claim of privilege or protection due to the production of any privileged, protected, or otherwise exempted Information, the producing party must notify the receiving party within ninety (90) days of the production thereof that privileged or otherwise protected or exempted Information has been produced ("Identified Material") by providing the receiving party with the following: (1) written notice that Identified Material has been produced; and (2) a privilege log in the format provided for in paragraph 6 hereto that describes the Identified Material.  Other than for purposes of challenging the designation of Identified Material, the receiving party may make no further use of Identified Material or any internally or externally generated analyses, memoranda, or notes based upon Identified Material during any aspect of this matter or any other matter, including in depositions, unless the producing party agrees in writing to withdraw its claim concerning the Identified Material or the Identified Material is later designated by a court as not privileged or protected.  If the receiving party does not contest the designation of Identified Material as provided for in this paragraph, then the receiving party shall, within fifteen (15) business days of receiving the written notice and privilege log provided for herein: (1) destroy all copies of Identified Material; (2) destroy any internally or externally generated analyses, memoranda, or notes based upon Identified Material; and (3) direct all individuals to whom the receiving party transmitted Identified Material to destroy the same.  The receiving party must further certify in writing to the producing party that it has complied with this Paragraph by the end of the aforementioned fifteen-day period.

5.      A challenge to a designation of confidentiality or privilege may be made at any time that is consistent with the Court's Scheduling Order.  The receiving party may contest the Identified Material designation by notifying the producing party in writing of the disagreement and the reasons for the disagreement.  In that instance, the receiving party shall, within fifteen (15) business days of receiving the written notice and privilege log provided for in paragraph 3 hereto, move to compel the production

[PROPOSED] ORDER GRANTING STIPULATION GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION

of the Identified Material. Such motions must include a statement that the receiving party attempted to resolve the dispute through good faith discussions with the producing party before seeking court intervention or an explanation detailing why such discussions were not possible. Any motion challenging a party's designation of material as Identified Material must be brought in strict compliance with Local Civil Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

6.     If the Court denies the receiving party's motion to compel the production of Identified Material, then the receiving party shall, within fifteen (15) business days of that order: (1) destroy all copies of Identified Material; (2) destroy any internally or externally generated analyses, memoranda, or notes based upon Identified Material; and (3) direct all individuals to whom the receiving party transmitted Identified Material to destroy the same.  The receiving party must further certify in writing to the producing party that it has complied with this Order by the end of the aforementioned fifteen-day period.

## IV.   PRIVILEGE LOGGING

7.     Pursuant to Fed. R. Civ. P. 26, the parties shall exchange privilege logs that describe the nature of the documents, communications, or tangible things that are not produced or disclosed (including documents produced in redacted form) and do so in a manner that will—without revealing the information that is asserted to be privileged or protected—enable other parties to assess the claim. In addition the parties agree that all privilege logs shall include the following information: the Bates number of the document (for redacted documents only); the date the document was created; the identity of all persons known to or believed to have authored the document; the identity of all persons designated as addressees, copyees, or blind copyees (indicating whether a person was an addressee, copyee, or blind copyee); the custodian(s) of the document; asterisks identifying all attorneys appearing on the log; the privilege, protection, or exemption asserted; and a brief description of the subject matter of the document sufficient to enable another party's evaluation of the claim of

4

protection from disclosure. Each producing party shall produce along with any privilege log a list of (a) any attorney named in the privilege log including information about whether they are internal or external counsel, and (b) each employee of the producing party identified in the privilege log, including, if known, his or her corresponding title(s).

## V.   MISCELLANEAOUS

8.     A party seeking to file Identified Material with the Court must comply with Local Civil Rule 79-5. Identified Material may only be filed under seal pursuant to a separate court order authorizing the sealing of the specific Identified Material at issue. If a party's request to file Identified Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

9.     Any use of Identified Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge and the Stipulation Governing the Disclosure of Privileged Information does not govern the use of Identified Material at trial.

10.     The terms of this order do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

11.     Nothing in the protective order shall be construed as authorizing or encouraging a party to disobey a lawful subpoena or court order issued in another action.

12.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.     By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

5

1     IT IS SO STIPULATED.

2  Dated: February 23, 2022            **LYNCH CARPENTER, LLP**

3                                      */s/ Edwin J. Kilpela*

4                                      Edwin J. Kilpela (*Pro Hac Vice*)
                                       ekilpela@lcllp.com
                                       Matthew Brady (*Pro Hac Vice*)
5                                      matthew@lcllp.com
                                       1133 Penn Ave., 5th Floor
6                                      Pittsburgh, PA 15222
                                       Tel.:  (412) 322-9243
7                                      Fax:   (412) 231-0246

8                                      **LYNCH CARPENTER, LLP**
                                       Katrina Carroll (*Pro Hac Vice*)
9                                      katrina@lcllp.com
                                       111 W. Washington St., Ste. 1240
10                                     Chicago, IL 60602
                                       Tel.:  (312) 750-1265
11                                     Fax:   (412) 231-0246

12                                     **CAFFERTY CLOBES MERIWETHER
                                       & SPRENGEL LLP**
13                                     Daniel O. Herrera (Pro Hac Vice)
                                       dherrera@caffertyclobes.com
14                                     135 S. LaSalle Street, Suite 3210
                                       Chicago, IL 60603
15                                     Tel.:  (312)782-4880
                                       Fax:   (312)782-7785
16
                                       *Attorneys for Plaintiffs and the Class*
17

18  Dated: February 23, 2022            **LEWIS BRISBOIS BISGAARD &
                                       SMITH LLP**
19
                                       */s/ Eric Y. Kizirian*
20
                                       Eric Y. Kizirian (SB# 210584)
21                                     Eric.Kizirian@lewisbrisbois.com
                                       Zourik Zarifian (SB# 306368)
22                                     Zourik.Zarifian@lewisbrisbois.com
                                       633 West 5th Street, Suite 4000
23                                     Los Angeles, California 90071
                                       Tel.:  213.250.1800
                                       Fax:   213.250.7900
24

25                                     *Attorneys for Defendant*

26

27

28
                                        6

1

## SIGNATURE ATTESTATION

2    I, Edwin J. Kilpela, pursuant to L.R. 5-4.3.4(a)(2)(i), attest that all other

3 signatories listed, and on whose behalf this filing is submitted, concur in the filing's

4 consent and have authorized this filing.

5                                                         /s/ Edwin J. Kilpela
                                                         Edwin J. Kilpela
6

7

8    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

9

10 DATED: February 23, 2022

11                                              HON. KENLY KIYA KATO
                                                UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING STIPULATION GOVERNING THE DISCLOSURE OF
PRIVILEGED INFORMATION